Michael J. Wise, Bar No. 143501
MWise@perkinscoie.com
Lauren Sliger, Bar No. 213880
LSliger@perkinscoie.com
Lara J. Dueppen, Bar No. 259075
LDueppen@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Plaintiffs
*FONTEM VENTURES B.V.* and
*FONTEM HOLDINGS 1 B.V.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FONTEM VENTURES B.V., a Netherlands company; and FONTEM HOLDINGS 1 B.V., a Netherlands company, <br><br> Plaintiffs, <br><br> v. <br><br> NJOY, INC., a Delaware corporation, and DOES 1-5, Inclusive, <br><br> Defendant. | Case No. CV14-1645 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

1    For its Complaint against Defendant NJOY, INC. ("Defendant"), Plaintiff

2    Fontem Ventures B.V. ("Fontem Ventures") and Plaintiff Fontem Holdings 1 B.V.

3    ("Fontem Holdings") allege as follows:

4                          **JURISDICTION AND VENUE**

5    1.    This is a civil action for patent infringement arising under the patent

6    laws of the United States, 35 U.S.C. §§ 101, et seq., and in particular § 271.

7    2.    This Court has subject matter jurisdiction over this patent infringement

8    action under 28 U.S.C. §§ 1331 and 1338(a).

9    3.    This Court has personal jurisdiction over Defendant because it solicits

10   and conducts business in California, including the provision of goods over the

11   Internet, derives revenue from goods sold in California and within this judicial

12   district, and has committed acts of infringement in this judicial district.

13   4.    Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and

14   (c), and 1400(b).

15                                **PARTIES**

16   5.    Plaintiff Fontem Ventures is a company organized and existing under

17   the laws of the Netherlands, with its principal place of business at 12th Floor, 101

18   Barbara Strozzilaan, 1083 HN Amsterdam, The Netherlands.  Fontem Ventures is

19   in the business of developing innovative non-tobacco products, including electronic

20   cigarettes.

21   6.    Plaintiff Fontem Holdings is a company organized and existing under

22   the laws of the Netherlands, with its principal place of business at 12th Floor, 101

23   Barbara Strozzilaan, 1083 HN Amsterdam, The Netherlands.

24   7.    Plaintiffs Fontem Ventures and Fontem Holdings (together, "the

25   Plaintiffs") are informed and believe that: Defendant NJOY, INC. ("NJOY") is a

26   corporation organized and existing under the laws of the State of Delaware, having

27   its principal place of business at 15211 N. Kierland Blvd., Scottsdale, AZ, 85254,

28

Complaint For Patent Infringement

USA.  NJOY is doing business in this judicial district related to the claims asserted in this Complaint.

8.     The true names and capacities, whether individual, corporate, associate, or otherwise of defendants sued herein as DOES 1 through 5, inclusive, are unknown to the Plaintiffs at the present time, and the Plaintiffs therefore sue said Defendants by such fictitious names.  The Plaintiffs, after obtaining leave of court, if necessary, will amend this Complaint to show such true names and capacities when the same have been ascertained.

## FIRST CAUSE OF ACTION

(Infringement of U.S. Patent No. 8,365,742)

9.     The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-8 above.

10.    Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to United States Patent No. 8,365,742 ("the '742 Patent") and Plaintiff Fontem Ventures is the exclusive licensee of the '742 Patent.  The '742 Patent was duly and legally issued by the United States Patent Office on February 5, 2013 and is valid, subsisting, and in full force and effect.  A copy of the '742 Patent is attached to the Complaint as Exhibit A.

11.    The Plaintiffs are informed and believe that: Defendant has had knowledge of the '742 Patent, and of the Plaintiffs' rights therein, at least as of February 13, 2014.  On that date, a Joint Status Report containing an assignment document identifying Plaintiff Fontem Holdings as the owner of the '742 Patent was filed in a related case.[1]  The Joint Status Report was reviewed and signed by

---

[1] *See* Joint Status Report filed February 13, 2014 (Dkt. No. 63, Exh. A) in *Ruyan Investment Holdings Limited v. Sottera, Inc.*, Case No. CV 12-05454 GAF (FFMx) (C.D. Cal.), which is consolidated for purposes of discovery with Case Nos. CV 12-05455 GAF (FFMx), CV 12-05456 GAF (FFMx), CV 12-05462 GAF (FFMx), CV 12-05466 GAF (FFMx), CV 12-05468 GAF (FFMx), CV 12-05472 GAF (FFMx), CV 12-05477 GAF (FFMx), CV 12-05482 GAF (FFMx), and CV 12-06268 GAF (FFMx).

1  Defendant's counsel.  Defendant shall have additional knowledge of the '742 Patent
2  as of the date of service for the present Complaint.

3      12.    The Plaintiffs are informed and believe that: Defendant has directly
4  infringed the '742 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or
5  through its agents, unlawfully and wrongfully making, using, importing, offering to
6  sell, and/or selling electronic cigarette products embodying one or more of the
7  inventions claimed in the '742 Patent, within and/or from the United States without
8  permission or license from the Plaintiffs, and will continue to do so unless enjoined
9  by this Court.  Examples of electronic cigarette products that directly infringe the
10  '742 Patent include, but are not limited to, (1) NJOY Rechargeable Express Kits;
11  (2) NJOY Cartridge Refills for use with NJOY Rechargeable Electronic Cigarette
12  Batteries purchased separately or as part of an NJOY Rechargeable Express Kit; (3)
13  NJOY Rechargeable Electronic Cigarette Batteries; (4) NJOY OneJoy Non
14  Rechargeable Electronic Cigarettes; and (5) NJOY King Disposable Electronic
15  Cigarettes.  Such products infringe at least claims 2 and 3 of the '742 Patent.

16      13.    The Plaintiffs are informed and believe that: Defendant has contributed
17  to the infringement of the '742 Patent in violation of at least 35 U.S.C. § 271(c) by,
18  itself and/or through its agents, contributing to the direct infringement of the '742
19  Patent by its customers by unlawfully and wrongfully making, using, importing,
20  offering to sell, and/or selling electronic cigarette components having no
21  substantially non-infringing use, which, when purchased and/or used by its
22  customers, result in direct infringement of one or more embodiments of the
23  inventions claimed in the '742 Patent, within and/or from the United States without
24  permission or license from the Plaintiffs, and will continue to do so unless enjoined
25  by this Court.  Examples of electronic cigarette components that have no substantial
26  noninfringing uses and that contribute to the direct infringement of the '742 Patent
27  include, but are not limited to, (1) NJOY Cartridge Refills ("NJOY E-Cig
28  Cartridges") for use with NJOY Rechargeable Electronic Cigarette Batteries

Complaint For Patent Infringement

purchased separately or as part of an NJOY Rechargeable Express Kit; and (2) NJOY Rechargeable Electronic Cigarette Batteries ("NJOY E-Cig Batteries").

14.     The Plaintiffs are informed and believe that: Having knowledge of the '742 Patent, Defendant has been aware that its NJOY E-Cig Cartridges and NJOY E-Cig Batteries, when purchased and/or used by its customers, result in direct infringement of one or more embodiments of the inventions claimed in the '742 Patent.  Defendant states on its website that when a rechargeable NJOY product is being used "and the vapor volume is reduced below a satisfactory level or is no longer visible, immediately discontinue use of that cartridge and replace it with a new NJOY cartridge."[2]  It also instructs users that an NJOY battery "will last 1-3 days before needing re-charging, depending on the intensity and quantity of puffs;" and encourages users to carry "an extra, charged battery."[3]  Moreover, according to NJOY, "the only maintenance required [for its rechargeable product] is charging and replacing batteries as well as attaching fresh cartridges."[4]  As such, Defendant knows that its NJOY E-Cig Cartridges and NJOY E-Cig Batteries that are sold separately from its Starter Kits have no substantial non-infringing uses other than to provide users with the ability to assemble and use an electronic cigarette that infringes at least claims 2 and 3 of the '742 Patent, and therefore that they are especially made or adapted for use in infringement of the '742 Patent.

15.     As a direct and proximate result of the foregoing acts of Defendant, the Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined.  The Plaintiffs are also entitled to their costs of suit and interest.

16.     Defendant's continuing infringement has inflicted and, unless restrained by this court, will continue to inflict great and irreparable harm upon the

---

[2] *See*, e.g., Frequently Asked Question (FAQ) No. 7, found at http://www.njoy.com/faqs (last visited March 5, 2014).
[3] *See*, e.g., Frequently Asked Question (FAQ) No. 8, found at http://www.njoy.com/faqs (last visited March 5, 2014).
[4] *See*, e.g., Frequently Asked Question (FAQ) No. 13, found at http://www.njoy.com/faqs (last visited March 5, 2014).

1    Plaintiffs.  The Plaintiffs have no adequate remedy at law.  The Plaintiffs are

2    entitled to preliminary and permanent injunctions enjoining Defendant from

3    engaging in further acts of infringement.

4                    **SECOND CAUSE OF ACTION**

5                 (Infringement of U.S. Patent No. 8,375,957)

6         17.     The Plaintiffs incorporate by reference the allegations contained in

7    paragraphs 1-8 above.

8         18.     Fontem Holdings is the owner of the entire right, title, and interest in

9    and to United States Patent No. 8,375,957 ("the '957 Patent") and Fontem Ventures

10   is the exclusive licensee of the '957 Patent.  The '957 Patent was duly and legally

11   issued by the United States Patent Office on February 19, 2013 and is valid,

12   subsisting, and in full force and effect.  A copy of the '957 Patent is attached to the

13   Complaint as Exhibit B.

14        19.     The Plaintiffs are informed and believe that: Defendant has had

15   knowledge of the '957 Patent, and of the Plaintiffs' rights therein, at least as of

16   February 13, 2014.  On that date, a Joint Status Report containing an assignment

17   document identifying Plaintiff Fontem Holdings as the owner of the '957 Patent

18   was filed in a related case.[5]  The Joint Status Report was reviewed and signed by

19   Defendant's counsel.  Defendant shall have additional knowledge of the '957 Patent

20   as of the date of service for the present Complaint.

21        20.     The Plaintiffs are informed and believe that: Defendant has directly

22   infringed the '957 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or

23   through its agents, unlawfully and wrongfully making, using, importing, offering to

24   _____

25        [5]*See* Joint Status Report filed February 13, 2014 (Dkt. No. 63, Exh. A) in
     *Ruyan Investment Holdings Limited v. Sottera, Inc.*, Case No. CV 12-05454 GAF
26   (FFMx) (C.D. Cal.), which is consolidated for purposes of discovery with Case
     Nos. CV 12-05455 GAF (FFMx), CV 12-05456 GAF (FFMx), CV 12-05462 GAF
27   (FFMx), CV 12-05466 GAF (FFMx), CV 12-05468 GAF (FFMx), CV 12-05472
     GAF (FFMx), CV 12-05477 GAF (FFMx), CV 12-05482 GAF (FFMx), and CV
28   12-06268 GAF (FFMx).

1  sell, and/or selling electronic cigarette products embodying one or more of the

2  inventions claimed in the '957 Patent, within and/or from the United States without

3  permission or license from the Plaintiffs, and will continue to do so unless enjoined

4  by this Court.  Examples of electronic cigarette products that directly infringe the

5  '957 Patent include, but are not limited to, (1) NJOY Rechargeable Express Kits;

6  (2) NJOY Cartridge Refills for use with NJOY Rechargeable Electronic Cigarette

7  Batteries purchased separately or as part of an NJOY Rechargeable Express Kit;

8  and (3) NJOY Rechargeable Electronic Cigarette Batteries.  Such products infringe

9  at least claims 1, 10, and 23 of the '957 Patent.

10       21.    The Plaintiffs are informed and believe that: Defendant has contributed

11  to the infringement of the '957 Patent in violation of at least 35 U.S.C. § 271(c) by,

12  itself and/or through its agents, contributing to the direct infringement of the '957

13  Patent by its customers by unlawfully and wrongfully making, using, importing,

14  offering to sell, and/or selling electronic cigarette components having no

15  substantially non-infringing use, which, when purchased and/or used by its

16  customers, result in direct infringement of one or more embodiments of the

17  inventions claimed in the '957 Patent, within and/or from the United States without

18  permission or license from the Plaintiffs, and will continue to do so unless enjoined

19  by this Court.  Examples of electronic cigarette components that have no substantial

20  noninfringing uses and that contribute to the direct infringement of the '957 Patent

21  include, but are not limited to, (1) NJOY Cartridge Refills ("NJOY E-Cig

22  Cartridges") for use with NJOY Rechargeable Electronic Cigarette Batteries

23  purchased separately or as part of an NJOY Rechargeable Express Kit; and (2)

24  NJOY Rechargeable Electronic Cigarette Batteries ("NJOY E-Cig Batteries").

25       22.    The Plaintiffs are informed and believe that: Having knowledge of the

26  '957 Patent, Defendant has been aware that its NJOY E-Cig Cartridges and NJOY

27  E-Cig Batteries, when purchased and/or used by its customers, result in direct

28  infringement of one or more embodiments of the inventions claimed in the '957

Complaint For Patent Infringement

Patent.  Defendant states on its website that when a rechargeable NJOY product is being used "and the vapor volume is reduced below a satisfactory level or is no longer visible, immediately discontinue use of that cartridge and replace it with a new NJOY cartridge."[6]  It also instructs users that an NJOY battery "will last 1-3 days before needing re-charging, depending on the intensity and quantity of puffs;" and encourages users to carry "an extra, charged battery."[7]  Moreover, according to NJOY, "the only maintenance required [for its rechargeable product] is charging and replacing batteries as well as attaching fresh cartridges."[8]  As such, Defendant knows that its NJOY E-Cig Cartridges and NJOY E-Cig Batteries that are sold separately from its Starter Kits have no substantial non-infringing uses other than to provide users with the ability to assemble and use an electronic cigarette that infringes at least claims 1, 10, and 23 of the '957 Patent, and therefore that they are especially made or adapted for use in infringement of the '957 Patent.

23.     As a direct and proximate result of the foregoing acts of Defendant, the Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined.  The Plaintiffs are also entitled to their costs of suit and interest.

24.     Defendant's continuing infringement has inflicted and, unless restrained by this court, will continue to inflict great and irreparable harm upon the Plaintiffs.  The Plaintiffs have no adequate remedy at law.  The Plaintiffs are entitled to preliminary and permanent injunctions enjoining Defendant from engaging in further acts of infringement.

////

////

////

---

[6] *See*, e.g., Frequently Asked Question (FAQ) No. 7, found at http://www.njoy.com/faqs (last visited March 5, 2014).
[7] *See*, e.g., Frequently Asked Question (FAQ) No. 8, found at http://www.njoy.com/faqs (last visited March 5, 2014).
[8] *See*, e.g., Frequently Asked Question (FAQ) No. 13, found at http://www.njoy.com/faqs (last visited March 5, 2014).

1

2

**THIRD CAUSE OF ACTION**

(Infringement of U.S. Patent No. 8,393,331)

3
4

25.     The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-8 above.

5
6
7
8
9
10

26.     Fontem Holdings is the owner of the entire right, title, and interest in and to United States Patent No. 8,393,331 ("the '331 Patent") and Fontem Ventures is the exclusive licensee of the '331 Patent.  The '331 Patent was duly and legally issued by the United States Patent Office on March 12, 2013 and is valid, subsisting, and in full force and effect.  A copy of the '331 Patent is attached to the Complaint as Exhibit C.

11
12
13
14
15
16
17

27.     The Plaintiffs are informed and believe that: Defendant has had knowledge of the '331 Patent, and of the Plaintiffs' rights therein, at least as of February 13, 2014.  On that date, a Joint Status Report containing an assignment document identifying Plaintiff Fontem Holdings as the owner of the '331 Patent was filed in a related case.[9]  The Joint Status Report was reviewed and signed by Defendant's counsel.  Defendant shall have additional knowledge of the '331 Patent as of the date of service for the present Complaint.

18
19
20
21
22
23

28.     The Plaintiffs are informed and believe that: Defendant has directly infringed the '331 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '331 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined

24

_____

25
26
27
28

[9]*See* Joint Status Report filed February 13, 2014 (Dkt. No. 63, Exh. A) in *Ruyan Investment Holdings Limited v. Sottera, Inc.*, Case No. CV 12-05454 GAF (FFMx) (C.D. Cal.), which is consolidated for purposes of discovery with Case Nos. CV 12-05455 GAF (FFMx), CV 12-05456 GAF (FFMx), CV 12-05462 GAF (FFMx), CV 12-05466 GAF (FFMx), CV 12-05468 GAF (FFMx), CV 12-05472 GAF (FFMx), CV 12-05477 GAF (FFMx), CV 12-05482 GAF (FFMx), and CV 12-06268 GAF (FFMx).

Complaint For Patent Infringement

by this Court.  Examples of electronic cigarette products that directly infringe the '331 Patent include, but are not limited to, (1) NJOY Rechargeable Express Kits; (2) NJOY Cartridge Refills for use with NJOY Rechargeable Electronic Cigarette Batteries purchased separately or as part of an NJOY Rechargeable Express Kit; (3) NJOY Rechargeable Electronic Cigarette Batteries; (4) NJOY OneJoy Non Rechargeable Electronic Cigarettes; and (5) NJOY King Disposable Electronic Cigarettes.  Such products infringe at least claims 1 and 2 of the '331 Patent.

29.     The Plaintiffs are informed and believe that: Defendant has contributed to the infringement of the '331 Patent in violation of at least 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '331 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette components having no substantially non-infringing use, which, when purchased and/or used by its customers, result in direct infringement of one or more embodiments of the inventions claimed in the '331 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.  Examples of electronic cigarette components that have no substantial noninfringing uses and that contribute to the direct infringement of the '331 Patent include, but are not limited to, (1) NJOY Cartridge Refills ("NJOY E-Cig Cartridges") for use with NJOY Rechargeable Electronic Cigarette Batteries purchased separately or as part of an NJOY Rechargeable Express Kit; and (2) NJOY Rechargeable Electronic Cigarette Batteries ("NJOY E-Cig Batteries").

30.     The Plaintiffs are informed and believe that: Having knowledge of the '331 Patent, Defendant has been aware that its NJOY E-Cig Cartridges and NJOY E-Cig Batteries, when purchased and/or used by its customers, result in direct infringement of one or more embodiments of the inventions claimed in the '331 Patent.  Defendant states on its website that when a rechargeable NJOY product is being used "and the vapor volume is reduced below a satisfactory level or is no

longer visible, immediately discontinue use of that cartridge and replace it with a new NJOY cartridge."[10]  It also instructs users that an NJOY battery "will last 1-3 days before needing re-charging, depending on the intensity and quantity of puffs;" and encourages users to carry "an extra, charged battery."[11]  Moreover, according to NJOY, "the only maintenance required [for its rechargeable product] is charging and replacing batteries as well as attaching fresh cartridges."[12]  As such, Defendant knows that its NJOY E-Cig Cartridges and NJOY E-Cig Batteries that are sold separately from its Starter Kits have no substantial non-infringing uses other than to provide users with the ability to assemble and use an electronic cigarette that infringes at least at least claims 1 and 2 of the '331 Patent, and therefore that they are especially made or adapted for use in infringement of the '331 Patent.

     31.    As a direct and proximate result of the foregoing acts of Defendant, the Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined.  The Plaintiffs are also entitled to their costs of suit and interest.

     32.    Defendant's continuing infringement has inflicted and, unless restrained by this court, will continue to inflict great and irreparable harm upon the Plaintiffs.  The Plaintiffs have no adequate remedy at law.  The Plaintiffs are entitled to preliminary and permanent injunctions enjoining Defendant from engaging in further acts of infringement.

////

////

////

////

////

---

[10] *See*, e.g., Frequently Asked Question (FAQ) No. 7, found at http://www.njoy.com/faqs (last visited March 5, 2014).
[11] *See*, e.g., Frequently Asked Question (FAQ) No. 8, found at http://www.njoy.com/faqs (last visited March 5, 2014).
[12] *See*, e.g., Frequently Asked Question (FAQ) No. 13, found at http://www.njoy.com/faqs (last visited March 5, 2014).

Complaint For Patent Infringement

## **FOURTH CAUSE OF ACTION**

(Infringement of U.S. Patent No. 8,490,628)

33.     The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-8 above.

34.     Fontem Holdings is the owner of the entire right, title, and interest in and to United States Patent No. 8,490,628 ("the '628 Patent") and Fontem Ventures is the exclusive licensee of the '628 Patent.  The '628 Patent was duly and legally issued by the United States Patent Office on July 23, 2013 and is valid, subsisting, and in full force and effect.  A copy of the '628 Patent is attached to the Complaint as Exhibit D.

35.     The Plaintiffs are informed and believe that: Defendant has had knowledge of the '628 Patent, and of the Plaintiffs' rights therein, at least as of February 13, 2014.  On that date, a Joint Status Report containing an assignment document identifying Plaintiff Fontem Holdings as the owner of the '628 Patent was filed in a related case.[13]  The Joint Status Report was reviewed and signed by Defendant's counsel.  Defendant shall have additional knowledge of the '628 Patent as of the date of service for the present Complaint.

36.     The Plaintiffs are informed and believe that: Defendant has directly infringed the '628 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '628 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined

---

[13] *See* Joint Status Report filed February 13, 2014 (Dkt. No. 63, Exh. A) in *Ruyan Investment Holdings Limited v. Sottera, Inc.*, Case No. CV 12-05454 GAF (FFMx) (C.D. Cal.), which is consolidated for purposes of discovery with Case Nos. CV 12-05455 GAF (FFMx), CV 12-05456 GAF (FFMx), CV 12-05462 GAF (FFMx), CV 12-05466 GAF (FFMx), CV 12-05468 GAF (FFMx), CV 12-05472 GAF (FFMx), CV 12-05477 GAF (FFMx), CV 12-05482 GAF (FFMx), and CV 12-06268 GAF (FFMx).

Complaint For Patent Infringement

1   by this Court.  Examples of electronic cigarette products that directly infringe the

2   '628 Patent include, but are not limited to, (1) NJOY OneJoy Non Rechargeable

3   Electronic Cigarettes; and (2) NJOY King Disposable Electronic Cigarettes.  Such

4   products infringe at least claims 1, 7, and 8 of the '628 Patent.

5        37.    As a direct and proximate result of the foregoing acts of Defendant, the

6   Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet

7   determined.  The Plaintiffs are also entitled to their costs of suit and interest.

8        38.    Defendant's continuing infringement has inflicted and, unless

9   restrained by this court, will continue to inflict great and irreparable harm upon the

10  Plaintiffs.  The Plaintiffs have no adequate remedy at law.  The Plaintiffs are

11  entitled to preliminary and permanent injunctions enjoining Defendant from

12  engaging in further acts of infringement.

13       ////

14       ////

15       ////

16       ////

17       ////

18       ////

19       ////

20       ////

21       ////

22       ////

23       ////

24       ////

25       ////

26       ////

27       ////

28       ////

## **PRAYER FOR RELIEF**

The Plaintiffs request entry of judgment that:

A.    The '742 Patent, the '957 Patent, the '331 Patent, and the '628 Patent are valid and enforceable;

B.    Defendant is liable for infringement of the '742 Patent, the '957 Patent, the '331 Patent, and the '628 Patent under at least the provisions of 35 U.S.C. § 271(a) and/or (c);

C.    Defendant and all affiliates, subsidiaries, officers, employees, agents, representatives, licensees, successors, assigns, and all those acting in concert with, or for or on behalf of Defendant, shall be enjoined from infringing the '742 Patent, the '957 Patent, the '331 Patent, and the '628 Patent;

D.    Defendant shall pay damages to the Plaintiffs resulting from Defendant's patent infringement pursuant to 35 U.S.C. § 284;

E.    The Plaintiffs be entitled to prejudgment interest and post-judgment interest on the damages; and

F.    The Plaintiffs be awarded such other and further relief, in law or in equity, as the Court deems just, equitable or appropriate.

DATED:  March 5, 2014

Respectfully submitted,

**PERKINS COIE** LLP

By: */s/Michael J. Wise*
　　　Michael J. Wise

Attorneys for Plaintiff
*FONTEM VENTURES B.V.* and
*FONTEM HOLDINGS 1 B.V.*

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiffs Fontem Ventures and Fontem Holdings hereby demand a trial by

3   jury of all issues triable by a jury.

4

5   DATED:  March 5, 2014                                    **PERKINS COIE** LLP

6                                                            By: _/s/Michael J. Wise_

7                                                                Michael J. Wise

8                                                            Attorneys for Plaintiff
                                                             *FONTEM VENTURES B.V.* and
9                                                            *FONTEM HOLDINGS 1 B.V.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Complaint For Patent Infringement