Michael J. Wise, Bar No. 143501
MWise@perkinscoie.com
Joseph P. Hamilton, Bar No. 211544
JHamilton@perkinscoie.com
Lara J. Dueppen, Bar No. 259075
LDueppen@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Plaintiffs and Counter-Defendants
FONTEM VENTURES B.V. and
FONTEM HOLDINGS 1 B.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FONTEM VENTURES B.V., a Netherlands company; and FONTEM HOLDINGS 1 B.V., a Netherlands company,<br><br>              Plaintiffs,<br><br>     v.<br><br>NJOY, INC., a Delaware corporation, and DOES 1-5, Inclusive,<br><br>              Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV14-1645 GW (MRWx)<br><br>and Related Consolidated Cases:<br>Case No.  CV 14-01645; Case No.  CV 14-01649; Case No.  CV 14-01650; Case No.  CV 14-01651; Case No.  CV 14-01652; Case No.  CV 14-01653; Case No.  CV 14-01654; Case No.  CV 14-01655<br><br>**FONTEM'S RESPONSE REGARDING EFFECT OF IPR DECISION ON CLAIM CONSTRUCTION** |

During the January 8, 2015 hearing, the Court requested Defendants explain how the Decision ("IPR Decision") by the USPTO Patent Trial and Appeal Board ("PTAB") in IPR2013-00387 ("the IPR") affects this Court's Markman proceedings. Tellingly, Defendants do not identify a single disputed Markman term, let alone a single issue in this case that is affected by the IPR Decision.

As the district court for the District of Delaware held in *St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*, "once claim construction is before a [district] court, the court is obligated to construe claims de novo as a matter of law, without according any deference to the PTO's construction. . . ." 691 F. Supp. 2d 538, 550-51 (D. Del. 2010). During Markman briefing, Defendants argued that the Court should ignore NJOY's assertion in its IPR petition that a reference discloses a "mouthpiece" consistent with Plaintiffs' construction of that term because of the differing claim construction standards between district court and PTAB proceedings. Dkt. # 46 at 16:19–17:4.

Defendants assert "each of the terms construed in the IPR is relevant to invalidity and infringement in this case" without any support. Dkt. # 55 at 2:3–4. Two terms, "run-through atomizing chamber" and "negative pressure cavity in the atomizing chamber," do not appear in any claim asserted here.

The '742 Patent, asserted here, issued from a divisional application of the '944 Patent at issue in the IPR Decision because the Patent Office had determined that the claims of the '742 Patent are directed to a different invention that is separately patentable from the claims of the '944 Patent. Preliminary Amendment at 4 (Hamilton Decl., Ex. 1). So, the IPR Decision about patentability for a different, separately patentable invention has no effect on validity in this case. Defendants have not even filed a Petition for IPR to challenge the patentability of the '742 Patent.

Two terms construed in the IPR Decision are relevant to the asserted claims here. While PTAB resolved the disputed construction of the first term "porous"

under its "broadest reasonable construction" standard, in this case, the parties agreed that the term "porous" needs no construction.

PTAB construed, *sua sponte*, the second term "cigarette solution storage area," to be "capable of storing a cigarette solution, such as one containing nicotine." Institution Decision at 10 (Hamilton Decl., Ex. 2); IPR Decision at 14 (Hamilton Decl., Ex. 3). Notably, the specification at issue in the IPR was the original specification of the '742 Patent.[1] PTAB found support for its *sua sponte* construction based upon the same embodiment found in the '742 Patent that "[a]n example of the recited 'cigarette solution storage area' is 'perforated component for liquid storage (9),'" and noted that the "perforated component" is inside "shell b." Institution Decision at 10 (Hamilton Decl., Ex. 2). Defendant CB/DR, the Petitioner in the IPR, did not contest that construction or PTAB's reasoning in the IPR. IPR Decision at 13 (Hamilton Decl., Ex. 3). Thus, PTAB's ruling directly contradicts Defendants' assertion in their Markman briefing that the original application for the '742 Patent does not have written description for a solution storage area that is not a bottle.

Finally, Defendants revisit unrelated petitions *requesting* IPRs on four of five the patents asserted here. There are no *pending* IPRs. No petition has been granted by PTAB. Defendants do not identify a single issue or reason why those petitions, if granted, would affect the Markman proceedings. Instead, Defendants imply that there may be some unknown effect on claim construction based upon Fontem's Preliminary Responses to the Petitions. However, Fontem's proposed claim constructions in the Preliminary Responses to the Petitions are the same as its constructions here. It is Defendants' constructions that differ. *See* Appx. A.

---

[1] Defendants assert that the '944 and '742 Patents "share a common specification" (Dkt. # 55 at 1:19−20), yet explain at length in the Markman briefing how that common specification purportedly changed during prosecution of the '742 Patent. *See, e.g.,* Dkt. # 46 at 1:6−8.

DATED: January 16, 2014

**PERKINS COIE LLP**

By: */s/ Joseph P. Hamilton*
 Joseph P. Hamilton

Attorneys for Plaintiffs and Counter-Defendants
FONTEM VENTURES B.V. and
FONTEM HOLDINGS 1 B.V.

APPENDIX A

| Claim Term | Fontem's construction in this case<br><br>*Fontem's construction in its IPR statements* | Defendants' construction in this case<br><br>*Defendants' construction in the IPR petitions* |
| --- | --- | --- |
| cavity | a hollow space<br><br>*a hollow space* | a hollow space within and completely surrounded by the body of the atomizer<br><br>*a hollow space within the atomizer separate from the airflow passage* |
| projecting into / extending into | no construction<br><br>*having at least a portion that protrudes into* | having only a portion that protrudes into<br><br>*positioned within* |
| liquid permeating component sleeved on the electric heater | liquid permeating component fitted around the electric heater<br><br>*liquid permeating component fitted around the electric heater* | liquid permeating component fitted around and oriented in the same axial direction as the heater<br><br>*a tubular component that permeates liquid to the electric heater fitted around and oriented in the same axial direction as the heater* |
| liquid conduction component in contact with the liquid permeating component, and the liquid storage component | no construction necessary<br><br>*no construction necessary* | a component that transports liquid from the liquid storage component to the liquid permeating component<br><br>*a component that transports liquid from the liquid storage component to the liquid permeating component* |

111971-0003.0001/LEGAL124756860.1     -4-     CV14-1645 GW (MRWx)
Fontem's Response Regarding Effect of IPR Decision on Claim Construction